

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00326-CR

DANIEL JOSEPH CANSINO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. A19355-1211, Honorable Edward Lee Self, Presiding

November 13, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Daniel Joseph Cansino, appeals his conviction for the offense of evading arrest or detention using a motor vehicle,[1] and sentence of two years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. We will affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West Supp. 2014).

## Factual and Procedural Background

In 2011, appellant was arrested for disorderly conduct by Plainview Police Department Sergeant Ernesto Amaya. In executing the arrest, appellant felt that Amaya used greater force than was necessary. In April of 2012, appellant and Amaya encountered one another in a Dollar General store. Amaya perceived appellant's actions as threatening to him and his family. On this basis, appellant was charged with retaliation.

On November 7, 2012, Amaya drove past appellant while appellant was doing yard work. A little later, Amaya observed appellant driving. Amaya saw appellant point something at him and then heard appellant threaten to kill him. On the basis of this threat, Amaya decided to arrest appellant for terroristic threat and retaliation. To effectuate this decision, Amaya activated the emergency lights on his patrol vehicle when he was positioned directly behind appellant's vehicle. However, appellant did not stop. Appellant continued driving away from Amaya. Appellant concedes that he fled from Amaya even though appellant was aware that Amaya was attempting to detain him. Appellant drove to a bail bond office before exiting his vehicle. Amaya placed appellant under arrest.

Appellant was charged by separate indictments with the offenses of retaliation, assault on a public servant, and evading arrest or detention while using a motor vehicle. After the close of evidence, the trial court presented its proposed jury charge to the parties. Appellant requested the inclusion of an instruction on the defense of necessity relating to the evading charge, which the trial court denied. The jury returned a verdict

of guilty as to the evading charge and, apparently,[2] found appellant not guilty of the retaliation and assault on a public servant charges. After a brief punishment hearing, the jury returned a verdict sentencing appellant to two years confinement. Appellant timely appealed.

Appellant presents two issues by his appeal. Appellant's first issue contends that the evidence is insufficient to support appellant's conviction for evading arrest or detention. Appellant's second issue contends that the trial court erred in refusing appellant's request to instruct the jury on the defense of necessity.

Sufficiency

By his first issue, appellant contends that the evidence was insufficient to support his conviction for evading arrest or detention. Specifically, appellant contends that he committed no crime in the presence of Amaya and, therefore, Amaya's detention and subsequent arrest of appellant was not lawful.

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of

---

[2] Each of these three charges was assigned its own cause number in the trial court. Consequently, the only judgment and jury charge contained in the appellate record relates to the evading charge that was appealed by appellant. Appellant contends that he was found not guilty on the other charges and we have no reason in the record to question this assertion.

3

the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson*." *Id.* When reviewing all of the evidence under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See id.* at 906–07 n.26 (discussing Judge Cochran's dissenting opinion in *Watson v. State*, 204 S.W.3d 404, 448–50 (Tex. Crim. App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Id.* at 899.

To prove the offense of evading arrest or detention, the State was required to prove that appellant intentionally fled from a person he knew to be a peace officer who was attempting to lawfully arrest or detain him. *See* TEX. PENAL CODE ANN. § 38.04(a). Appellant admits that he intentionally fled from Amaya with knowledge that Amaya was a peace officer who was attempting to detain appellant. What appellant challenges is the evidence to support that Amaya was attempting to detain appellant lawfully.

A police officer may lawfully detain a person temporarily if he has reasonable suspicion to believe that the detained person is violating the law. *See Neal v. State*, 256 S.W.3d 264, 280 (Tex. Crim. App. 2008) (citing *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005)). Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, leads

4

him to reasonably suspect that a particular person has, or soon will be, engaged in criminal activity. *Id.* (citing *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001)). In making this determination, we must consider the totality of the circumstances. *Id.* (citing *Ford*, 158 S.W.3d at 492, and *Garcia*, 43 S.W.3d at 530).

In the present case, Amaya testified that appellant pointed something at Amaya and threaten to kill him the next time Amaya waved at appellant. While this threat would not qualify as a terroristic threat due to its lack of immediacy, *see* TEX. PENAL CODE ANN. § 22.07(a)(2) (West 2011) ("A person commits an offense if he threatens to commit any offense involving violence to any person or property with intent to place any person in fear of *imminent* serious bodily injury" (emphasis added)), we conclude that, considering the totality of the evidence, Amaya's testimony was sufficient to articulate a reasonable suspicion that appellant was committing the crime of retaliation in making this threat. *See* TEX. PENAL CODE ANN. § 36.06(a)(1)(A) (West 2011) ("A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the service or status of another as a public servant . . . ."). In the present case, it is reasonable to conclude that appellant threatened to kill Amaya due to Amaya's prior service as a police officer in arresting appellant in a manner which appellant felt was unnecessarily forceful. We are aware that Amaya's testimony conflicts with appellant's testimony regarding whether appellant threatened to kill Amaya. However, such a conflict in the testimony is to be resolved by the jury. *See Brooks*, 323 S.W.3d at 899. Consequently, we conclude that Amaya articulated specific facts that were sufficient to support a conclusion that Amaya

5

possessed a reasonable suspicion that appellant had committed a crime and, therefore, Amaya's attempt to detain appellant was lawful.

Appellant contends that, because appellant was ultimately acquitted of the retaliation charge, the evidence cannot be sufficient to establish that Amaya had a lawful reason to detain appellant. However, since Amaya was attempting to conduct a traffic stop of appellant at the time that appellant fled, the standard needed to make such a stop lawful is whether Amaya had reasonable suspicion that appellant was committing a crime. *See Neal*, 256 S.W.3d at 280. Clearly, much less is needed to establish that Amaya had a reasonable suspicion that appellant was committing the offense of retaliation than would be required to establish that appellant committed retaliation beyond a reasonable doubt, the applicable standard at trial. That appellant was acquitted of retaliation under the much more onerous burden required at trial is of no consequence to the determination of whether Amaya had reasonable suspicion that appellant had committed an offense when Amaya attempted to detain him.

For the foregoing reasons, appellant's first issue is overruled.

Jury Instruction

By his second issue, appellant contends that the trial court erred when it denied his request for a necessity instruction in the charge to the jury. The State responds contending that appellant failed to establish that he was entitled to an instruction on necessity.

Both appellant and the State cite *Juarez v. State*, 308 S.W.3d 398 (Tex. Crim. App. 2010), in support of their contentions. In *Juarez*, the Court of Criminal Appeals held that the doctrine of confession and avoidance applies to the necessity defense. *Id.* at 404. Further, the Court clarified that to be entitled to a necessity instruction, a defendant must admit both the act or omission and the requisite mental state of the charged conduct. *Id.*

Both parties to this appeal acknowledge the *Juarez* holding. Yet, they argue its application in the present case very differently. Appellant contends that it can be inferred from the evidence that he admitted each element of the evading detention offense. The State agrees that appellant admitted to the conduct involved in the evading charge but point to the fact that appellant never admitted that Amaya's attempt to detain him was lawful. In fact, the central dispute in this case was whether Amaya's attempt to detain appellant was lawful. As previously stated, to prove the offense of evading arrest or detention, the State was required to prove that appellant intentionally fled from a person he knew to be a peace officer who was attempting to lawfully arrest or detain him. *See* TEX. PENAL CODE ANN. § 38.04(a). As such, whether Amaya's attempt to detain appellant was lawful is an element of the offense that must be proven by the State. As an element, we read *Juarez* to require that, for appellant to be entitled to a necessity instruction, appellant had to admit that Amaya's attempt to detain him was lawful. As such, we conclude that appellant did not establish his entitlement to a necessity instruction.

Consequently, we overrule appellant's second issue.

7

Conclusion

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.

Pirtle, J., concurring in result.